**SO ORDERED.**

**SIGNED this 27 day of September, 2013.**



_____
A. Thomas Small
United States Bankruptcy Court Judge

_____

```
              UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                      WILSON DIVISION


IN RE

WILLIAM EDWARD STALSITZ, JR.,           CASE NO. 12-07973-8-ATS
and ROBIN MARIE STALSITZ
                                                CHAPTER 7
     DEBTORS.

USAA FEDERAL SAVINGS BANK,

     PLAINTIFF,

v.                                      AP NO. 13-00020-8-ATS

WILLIAM EDWARD STALSITZ, JR.,

     DEFENDANT.
```

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

The matter before the court is the motion of the defendant, William E. Stalsitz, Jr., to dismiss the complaint of USAA

1

Federal Savings Bank. A hearing was held on September 12, 2013, in Raleigh, North Carolina. This is a core proceeding that the court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(I).

Mr. Stalsitz and his wife Robin Marie Stalitz, filed a petition for relief under chapter 7 of the Bankruptcy Code on November 6, 2012. USSA initiated this adversary proceedings on January 31, 2013, contending that a portion of its unsecured claim is nondischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code. On March 7, 2013, the defendant filed a motion to dismiss for failure to state a claim upon which relief may be granted, and a hearing was held in Wilmington, North Carolina on April 17, 2013. The parties agreed to a dismissal of the motion to dismiss without prejudice and agreed that the plaintiff be allowed to amend its complaint. Judge J. Rich Leonard denied the motion without prejudice and gave the plaintiff thirty days to amend its complaint. The amended complaint was filed on May 28, 2013, and on June 17, 2013, the defendant filed the motion to dismiss for failure to state a claim.

Mr. Stalsitz entered into an agreement for an open-end consumer credit card plan with USAA in which the defendant agreed to repay all credit card charges. Between July 9, 2012, and September 1, 2012, the debtor incurred charges on the account of $4,215.00, and made two minimum payments on the

2

account totaling $349.00.  As of the filing date, Mr. Stalsitz owed $15,088.46 on the USAA account.

At the time of his bankruptcy filing, the defendant had no liquid assets and no nonexempt and unencumbered assets.  The debtor's Schedules lists $129,820.42 of general unsecured debt, $94,641.72 of which is credit card debt incurred on eleven credit cards.  He was employed as a bank loan officer earning $41,000 a year, and his Schedules I and J show household monthly income of $2,816.43, monthly expenses of $2,879.00, and a monthly budget deficit $62.57.  The debtor's circumstances were even worse than reflected on Schedules I and J because they did not include any payment of his substantial credit card debt.

USAA seeks a determination that $4,215.00 of its claim is nondischargeable and a judgment in that amount plus attorneys' fees and costs.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that every pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008.  A party may move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, to dismiss a complaint for failure to state a claim upon which relief can be granted.  To demonstrate

entitlement to relief and survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (emphasizing that a pleading providing "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).  The veracity of well-pleaded allegations in the complaint will be assumed in determining "whether they plausibly give rise to an entitlement to relief."  Angell v. BER Care, Inc. (In re Careamerica, Inc.), 409 B.R. 737, 747 (Bankr. E.D.N.C. 2009).

Rule 9(b) of the Federal Rules of Civil Procedure requires that claims of fraud be subject to a heightened pleading requirement.  "[A] party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be

4

alleged generally."  Fed. R. Civ. P. 9(b), Fed. R. Bankr. P. 7009.

Section 523(a)(2)(A) provides that a chapter 7 discharge under section 727 does not discharge an individual debtor from any debt

> (2)    for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained, by --
>
> (A)    false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

To prevail on an action under 11 U.S.C. § 523(a)(2)(A), a creditor must show  (1) a false representation, (2) knowledge that the representation was false, (3) intent to deceive, (4) justifiable reliance on the representation, and (5) proximate cause of damages."  Nunnery v. Rountree (In re Rountree), 478 F.3d 215, 218 (4th Cir. 2007).

USSA alleges in its complaint that based on his negative income of $62.57, which it contends is actually $2,901.82 if minimum credit card payments are included, Mr. Stalsitz could not repay the charges of $4,215 that he made on his account.  According to USAA, the debtor was a bank loan officer and should

have known when he made the charges that with an income of $41,000 and credit card debt of over $94,000 the indebtedness could not be repaid.  The only way he could have made the credit card payments he made were through a "credit card kiting scheme" getting advances on some of his credit cards to make minimum payments on others.  USAA also alleges that it "justifiably relied on Defendant's representations made by Defendant in the Account contract and in the actions after incurring the charges and the fact that Defendant had credit available and made regular payments in accordance with the contract."  Complaint p. 7.

The debtor argues that USAA "has not alleged that the Defendant had any knowledge that any purported representation was false at the time it (was) made" and "not alleged, nor shown any facts, that Defendant had an intent to deceive Plaintiff."  Motion to Dismiss, p. 2.  According to the debtor, "Plaintiff is solely relying on the Debtor's bankruptcy schedules filed several months after these charges were made."  Motion to Dismiss, pp. 2 - 3.  The debtor maintains that the debtor's schedules are not unlike those of most debtors filing for chapter 7 relief, and that the schedules do not show fraudulent intent.

The court disagrees that these schedules are like those of most other debtors.  When the charges at issue were made, the

6

debtor was a bank loan officer who knew his salary and his obligations and he should have known that in his circumstances he would be unable to pay his credit card debt and the charges he was making.

USAA has met its pleading burden as to all of the elements that must be proven to sustain a claim of nondischargeability under § 523(a)(2)(A).  Accordingly, the motion to dismiss is **DENIED.**

The court, however, will dismiss one aspect of the complaint, USAA's claim for attorneys' fees and costs.  There is no provision of the Bankruptcy Code that supports such an award.

**END OF DOCUMENT**